AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
8/26/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV  DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
8/26/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: TS  DEPUTY

United States of America

v.

HECTOR LEIVA GARCIA,

Defendant(s)

Case No. 2:25-mj-05268-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of August 25, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assault of a Federal Officer |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/S/
Complainant's signature

Shabnam Aboubakri, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: August 26, 2025

Judge's signature

City and state: Los Angeles, California

Hon. Stephanie Christensen, U.S. Magistrate Judge
*Printed name and title*

SAUSA: Blake Hannah

**AFFIDAVIT**

I, Shabnam Aboubakri, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against, and arrest warrant for, Hector LEIVA Garcia ("LEIVA"), for a violation of 18 U.S.C. § 111(a)(1) (Assault of a Federal Officer).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience; video footage, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent ("SA") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been so employed since February 2022.

4. Before my current employment with HSI, I served as a Criminal Analyst with HSI from October 2016 until February 2022, and a U.S. Coast Guard active-duty intelligence specialist for 6 years. I graduated from the Criminal Investigator Training

Program, at the Federal Law Enforcement Training Center in May 2022. Through my training, I have learned of HSI's criminal investigative authority, as well as investigative techniques.

5.  My duty as a HSI SA is to investigate various crimes of federal law. I am currently assigned to the HSI office in Paramount, California, where I work with the El Camino Real (ECR) Task Force and have training and experience investigating assaults on federal officers. As part of my law enforcement training and experience, I have participated in the execution of search/arrest warrants and participated in the seizure of evidence.

### III. STATEMENT OF PROBABLE CAUSE

6.  Based on my review of law enforcement reports, videos of the incident, and conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.  Initial Interaction with LEIVA**

7.  On August 25, 2025, U.S. Border Patrol ("Border Patrol") Agents A.E., J.B. and N.S. were in Marina Del Rey, CA in a parking lot to arrest a known subject who frequents that area. While in the parking lot, the Border Patrol Agents were in uniforms that displayed their Border Patrol and police badges on their vests. At approximately 10:00 a.m., agents A.E., J.B. and N.S noticed a Hispanic male, later identified as LEIVA, move quickly toward his vehicle, a Black Jeep Grand Cherokee (the "Cherokee"). Upon seeing LEIVA move toward the Cherokee, the agents followed LEIVA to the car.

8.  I interviewed Agents A.E., J.B., and N.S. about what happened once they approached LEIVA (who was seated in the driver's seat of the Cherokee). The agents told me (in substance and summary):

   a.  Once the agents reached the Cherokee, they asked LEIVA for his immigration status and LEIVA stated he was "American";

   b.  The agents then asked LEIVA for his identification documents, but noticed that LEIVA appeared to be pressing down on the brake pedal of the Cherokee and grabbing the car's gear shift;

   c.  Then, since the agents believed LEIVA was attempting to drive away, the agents began trying to remove LEIVA from the Cherokee;

   d.  As they did so, LEIVA kicked Agent A.E. repeatedly in the legs and stomach;

   e.  Ultimately, the agents subdued LEIVA and placed him into custody.

   **B.   LEIVA's Post-Arrest Interview**

   9.  On the same day, August 25, 2025, at approximately 2:33 p.m., while in ICE custody, I conducted an interview of LEIVA in the Spanish Language with the assistance of an interpreter. In substance and summary, LEIVA stated that he did not know the Border Patrol agents were law enforcement officers and denied kicking any of them.

## IV. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that LEIVA has committed a violation of 18 U.S.C. § 111(a)(1)(Assault of a Federal Officer).

/s/
Shabnam Aboubakri, Special Agent, HSI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 26th day of August, 2025.

HONORABLE STEPHANIE CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE